```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**BILLY D. NOBLE,**

                         **Plaintiff,**

         v.                        **CASE NO. 06-3144-SAC**

**AUSTIN L. DesLAURIES,**
**et al.,**

                         **Defendants.**

### O R D E R

This is a civil rights complaint filed by a resident of the Larned State Hospital, Larned, Kansas, who is a participant in the Sexual Predator Treatment Program (SPTP). Plaintiff alleges violations of constitutional due process, and seeks damages as well as declaratory and injunctive relief. Plaintiff sues under 42 U.S.C. §§ 1331, 1343, and 1983; and asserts supplemental jurisdiction over state law tort claims under 28 U.S.C. 1367.

A second plaintiff is named in the caption of the complaint, Max C. Chadwick. However, Mr. Chadwick has not signed the complaint. Nor has he submitted a filing fee or motion for leave to proceed without prepayment of fees. For these reasons, the court finds Max C. Chadwick is not a plaintiff in this action, and the case proceeds with Mr. Noble as the sole plaintiff.

Plaintiff sues the director of the SPTP at Larned and numerous other employees there involved with the SPTP program. As the basis for his complaint, Mr. Noble alleges that on May 11, 2004, his living quarters were searched by the SPTP staff and personal property was removed from his possession and control,

including a lap top computer, a DVD player, DVD movies, and all his music compact discs along with "many other items." This property was held for three weeks "during an internal investigation." Plaintiff's privilege level was reduced and he wa required to move to a more secure building, on the basis that inappropriate material was found on his personal computer and other recordable material. On June 3, 2004, plaintiff was told he would be permanently denied use of his computer and would have to send it out of the facility. Plaintiff was further directed to put his other property in storage until he received a level increase. On June 11, 2004, plaintiff received written notice that his property in storage needed to be sent out or destroyed within 10 days.

Plaintiff asserts his due process rights were violated in that he did not receive a written disciplinary report with notice of the alleged violations, and was not provided notice of the possible penalties prior to the imposition of sanctions. He complains of defendants' failure to implement and apply rules providing advance, fair notice of infractions and possible sanctions. He additionally asserts that his right to retain possession of pre-approved property was violated. He challenges the sanctions imposed as well, and cites the SPTP resident handbook as providing that the appropriate sanction was losing one's computer privilege for at least six months. He complains defendants failed to follow their own hand book by requiring removal of his property.

Plaintiff asks the court to require that defendants establish

a patient rule book indicating "precise violations and penalties," a procedure for hearing charges of infractions, with representation for the patient throughout the process, and a right to appeal. The court is asked to enjoin defendants from imposing punitive consequences on patients until a rule book and process are provided. Plaintiff also seeks compensation for mental anguish, as well as loss of his property and privileges without due process, including punitive damages for every day he has spent without them. He also asks the court to require defendant DeLauries to immediately reinstate plaintiff's privilege level to Level III. He asks the court to order return of his property.

The complaint is not signed by Mr. Noble, nor is it on forms provided by the court. However, Mr. Noble has presented and signed an Application to Proceed Without Prepayment of Fees (Doc. 2). It appears from plaintiff's financial declarations in the Application that he has no funds with which to pay the filing fee and costs herein. Accordingly, the court finds this motion should be granted. The court further finds that viewed in the light most favorable to plaintiff, the allegations in the complaint are arguably sufficient to state a cause of action under 42 U.S.C. § 1983.

All defendants are known and unknown employees of the Kansas Department of Social and Rehabilitation Services (SRS). They are alleged to have acted under color of state law. Since it is not clearly stated in the complaint, the court assumes defendants are sued in their official as well as their individual capacities.

The court finds that proper judicial processing of plaintiff's claims cannot be achieved without additional information from appropriate SRS officials.  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).  It further finds the SRS should be added as an interested party to this action for purposes of preparing a Martinez report.

**IT IS THEREFORE ORDERED** the clerk of the court shall enter the Kansas Department of Social and Rehabilitation Services (SRS) as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein.  Upon the filing of that report, the SRS may move for termination from this action.

**IT IS FURTHER ORDERED** that:

(1) plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is granted.

(2)  The clerk of the court shall prepare waiver of service forms for all defendants pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  Summons should also be prepared for each named defendant in his or her official capacity  and served upon the Attorney General for the State of Kansas.  The report required herein shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(3) Officials of the SRS responsible for the operation of the

4

SPTP at the Larned State Hospital are directed to undertake a review of the subject matter of the complaint:

      (a) to ascertain the facts and circumstances;

      (b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

      (c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

    (4) Upon completion of the review, a written report shall be compiled which shall be attached and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

    (5) Authorization is granted to the officials of the Kansas Department of Social and Rehabilitation Services to interview all witnesses having knowledge of the facts, including the plaintiff.

    (6) No answer or motion addressed to the complaint shall be filed without leave of court until the <u>Martinez</u> report has been prepared.

    (7) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein. This action is exempted from the requirements imposed under FRCP 26(a) and (f).

    (8) The clerk of the court shall transmit copies of this

order to plaintiff, to defendants, to the Secretary of the Kansas Department of Social and Rehabilitation Services, and to the Attorney General of the State of Kansas.

**IT IS FURTHER ORDERED** that this matter is returned to the clerk of the court for random reassignment pursuant to D.Kan.R. 40.1.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2006, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge